*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RECCO LAMAR AARON,

Defendant-Appellant.

UNPUBLISHED
July 30, 2019

No. 343745
St. Clair Circuit Court
LC No. 17-001593-FC

Before: GADOLA, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the sentences imposed after his guilty plea convictions for two counts of first-degree criminal sexual conduct ("CSC-I"), MCL 750.520b(1)(b) (sexual penetration with victim who was at least 13 but less than 16 years old and was a member of defendant's household), second-degree criminal sexual conduct ("CSC-II"), MCL 750.520c (victim was at least 13 but less than 16 years old and was a member of defendant's household), delivery of marijuana to a minor, MCL 333.7410(1), child sexually abusive activity, MCL 750.145c(2), and witness interference in a criminal case, MCL 750.122. The trial court originally sentenced defendant to serve consecutive terms of 150 months to life for his CSC-I convictions, 120 months to 15 years for his CSC-II conviction, 64 months to 20 years for his marijuana delivery to a minor conviction, 160 months to 20 years for his child sexually abusive activity conviction, and 80 months to 10 years for his witness interference conviction. The parties jointly moved for remand for resentencing because the trial court violated MCL 769.9(2) when it sentenced defendant to 150 months to life imprisonment for each CSC-I conviction. This Court granted the motion and remanded the case.[2]

---

[1] *People v Aaron*, unpublished order of the Court of Appeals, issued June 26, 2018 (Docket No. 343745).

[2] *People v Aaron*, unpublished order of the Court of Appeals, issued January 3, 2019 (Docket No. 343745).

After remand, defendant moved for resentencing in the trial court and it granted his motion. Following a hearing, the trial court resentenced defendant to 150 months to 50 years' imprisonment for each CSC-I conviction, 10 to 15 years for his CSC-II conviction, 64 months to 8 years for his delivery of marijuana to a minor conviction, 156 months to 20 years for his child sexually abusive activity conviction, and 80 months to 10 years for his witness interference conviction. The trial court ordered defendant to serve his sentence for the child sexually abusive activity conviction consecutively to his CSC-I conviction related to the offense charged in Count I of the amended felony complaint. We remand for the ministerial task of correcting the amended judgment of sentence to reflect that defendant shall serve his sentence for his child sexually abusive activity conviction consecutively to his sentence for his conviction of CSC-I related to the offense charged in Count II. In all other respects we affirm.

## I BACKGROUND

In August 2016, after being released from jail, defendant lived with his girlfriend and her two daughters, AB and SB. Defendant engaged in vaginal sexual intercourse with AB and SB, both of whom were under 16 years of age at the time. Defendant also filmed his sexual exploitation of AB on his cellular telephone.

Defendant pleaded guilty to two counts of CSC-I and one count each of CSC-II, delivery of marijuana to a minor, child sexually abusive activity, and witness interference in a criminal case. In exchange for his guilty pleas to the above charges, the prosecution dismissed two additional counts of CSC-I, one count of distribution of sexually explicit material to a minor, and one count of using a computer to commit a crime.

## II. STANDARDS OF REVIEW

On appeal, this Court must determine whether the actions that formed the basis for Count VIII respecting child sexually abusive activity arose from the same transaction as the actions that formed the basis for the Count I CSC-I charge. To answer this question, this Court must construe MCL 750.520b(3). Questions of statutory construction are reviewed de novo. *People v Ryan*, 295 Mich App 388, 400; 819 NW2d 55 (2012), lv den 493 Mich 865 (2012). A trial court's decisions regarding discretionary consecutive sentencing are reviewed for an abuse of discretion. *People v Norfleet*, 317 Mich App 649; 664; 897 NW2d 195 (2016). However, questions of law, including whether a trial court has authority to impose consecutive sentences, are reviewed de novo. *People v Sierb*, 456 Mich 519, 522; 581 NW2d 219 (1998).

## III. ANALYSIS

Defendant first argues that he is entitled to resentencing because evidence established that the child sexually abusive activity charged in Count VIII arose from the same transaction or occurrence that gave rise to the CSC-I charges in either Count I or Count II, but the evidence did not establish from which one of those two CSC-I transactions or occurrences the child sexually abusive activity charged in Count VIII arose. We disagree because the record reflects that the trial court received accurate information that specified from which CSC-I transaction and occurrence defendant's child sexually abusive activity arose, but the trial court erred by

misidentifying Count I instead of Count II. This error requires remand only to allow the trial court to correct defendant's judgment of sentence by an amendment that is purely ministerial.

"In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *Ryan*, 295 Mich App at 401 (quotation marks and citation omitted). Michigan's first-degree criminal sexual conduct statute, MCL 750.520b(3), authorizes the imposition of consecutive sentencing as follows:

> The court may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction.

" 'Something that 'aris[es] out of,' or springs from or results from something else, has a connective relationship, a cause and effect relationship, of more than an incidental sort with the event out of which it has arisen.' " *Ryan*, 295 Mich App at 403, quoting *People v Johnson*, 474 Mich 96, 101; 712 NW2d 703 (2006). "Historically, the [same transaction] test was understood to be that '[t]he crimes were committed in a continuous time sequence and display a single intent and goal[.]' " *People v Bailey*, 310 Mich App 703, 730; 873 NW2d 855 (2015) (citations omitted).

The prosecution originally charged defendant with multiple counts of CSC-I and under his plea agreement defendant pleaded guilty to two counts, Count I and Count II. Regarding Counts I and II, the felony information, felony complaint, and amended felony complaint, each only stated that defendant "did engage in sexual penetration to-wit: penile/vaginal, with a child who was at least 13 but less than 16 years of age and the defendant and victim were members of the same household . . . ." The information regarding the two CSC-I charged offenses did not specify to which victim each charge related.

At defendant's plea hearing, the trial court informed defendant of the charges against him, including the CSC-I charges in Counts I and II. The record reflects that defendant admitted under oath that he twice engaged in penile-vaginal penetration of AB. Defendant also admitted that he video recorded his commission of CSC-I with AB on his cell phone. Defendant further admitted that he engaged in penile-vaginal penetration of SB. Neither the prosecution nor defense counsel clarified which one of the CSC-I transaction and occurrences formed the basis of either Count I or Count II. The trial court accepted defendant's guilty pleas and set the case for a sentencing hearing.

The presentence investigation report ("PSIR") prepared by the Michigan Department of Corrections (MDOC) and presented to the trial court, the prosecution, and defense counsel, specified in great detail the investigation conducted by law enforcement officers, the victims' explanations of defendant's criminal conduct over a prolonged period, and defendant's admissions of his commission of the crimes that gave rise to the charges against him and his guilty pleas to those offenses. Of particular relevance to this issue on appeal, the PSIR specified that defendant was charged in Count I for his CSC-I crimes against SB and that defendant was charged in Count II for his CSC-I crimes against AB. The PSIR also specifically identified that defendant committed his child sexually abusive activity against AB. When the trial court asked defense counsel at defendant's first sentencing hearing whether defendant had any challenges to

-3-

the accuracy of the information in the PSIR, defense counsel only raised an issue about the amount of credit defendant would receive for time served. The prosecution requested that the PSIR add information regarding the description of defendant's delivery of a controlled substance to AB the younger victim, his child sexually abusive activity involving AB, and his witness tampering by calling both victims from jail to try to persuade them to change their stories about their ages when defendant had sexual intercourse with them. Defense counsel advised the trial court that defendant had no objections to such factual additions to the PSIR. The trial court asked defendant if he had anything he would like to say before being sentenced to which he replied that he did not other than to say he was sorry.

The record also reflects that after remand the MDOC submitted a case report dated March 28, 2019, that summarized defendant's first sentencing errors and the remand of his case for resentencing. In that report the author incorrectly linked Count I with Count VIII for purposes of recommending consecutive sentencing. At defendant's resentencing, the prosecution and defense counsel appear to have relied on the erroneous case report's statement that the trial court could order consecutive sentences for Counts I and VIII. Defense counsel clarified another discrepancy found in the case report regarding its numerical designation of the counts and the felony information's numerical designation of the counts for which defendant pleaded guilty.

Defense counsel also asserted that of the two CSC-I counts, the parties lacked clarity regarding which count related to defendant's child sexually abusive activity of video recording his sexual intercourse and remarked that he did not know if the trial court could impose consecutive sentencing under the circumstances. Consequently, defense counsel asked the trial court to impose concurrent sentences for all counts. The prosecution argued that no question existed that the evidence established that defendant video recorded on his phone his having sexual intercourse with AB, and therefore, requested that the trial court exercise its discretion and impose consecutive sentences in this case. Defense counsel responded that the trial court had to base consecutive sentencing on a finding that the offenses arose from the same transaction or occurrence and asserted that not enough evidence existed to make such a finding in this case. The trial court disagreed because it recalled defendant's specific admissions during his plea hearing that he video recorded having sexual intercourse with AB. The trial court concluded that ample evidence established that defendant's child sexually abusive activity arose out of the same CSC-I transaction and occurrence. The trial court, however, resolved the matter by erroneously sentencing defendant to consecutive sentences for Count I and Count VIII.

Defendant argues that the trial court abused its discretion when it ordered that Count VIII, the child sexually abusive activity conviction, run consecutive to Count I because there was no evidence that Count VIII arose from the same transaction as Count I. The record reflects that, in relation to his guilty plea to Count VIII, defendant admitted that he took a video while he engaged in penile-vaginal penetration of AB. Accordingly, sufficient evidence existed that defendant's child sexually abusive activity conviction arose from the same occurrence as the CSC-I conviction involving AB. *Ryan*, 295 Mich App at 403.

"It is presumed that unchallenged information in the PSIR is accurate, and a judge is entitled to rely on the information unless a defendant raises an effective challenge." *People v Maben*, 313 Mich App 545, 553; 884 NW2d 314 (2015). In this case, defense counsel did not challenge the information contained in the original PSIR and defense counsel agreed to the

inclusion of additional information. The PSIR clearly indicated that the CSC-I offense stated in Count I related to defendant's penile-vaginal penetration of SB, and specifically provided that Count II related to defendant's penile-vaginal penetration of AB. The PSIR also specified that Count VIII arose from defendant's recording of his sexual intercourse with AB. Thus, ample evidence existed on which the trial court could determine from which CSC-I count defendant's child sexually abusive activity arose. Therefore, the record supported the trial court's discretionary decision to impose consecutive sentences on defendant for his convictions of Count II and Count VIII. The trial court erroneously linked Count I with Count VIII when it should have made the finding of the connection between Count II and Count VIII. Thus, while defendant's conviction for child sexually abusive conduct, Count VIII, cannot be consecutive to the CSC-I conviction associated with Count I, because that CSC-I conviction pertained to SB, it can be consecutive to the CSC-I conviction associated with Count II which related to defendant's criminal sexual conduct with AB.

MCL 750.520b(3) states: "The court may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." The plain meaning of the statutory language indicates that to impose a consecutive sentence involving a CSC-I conviction, it is necessary that the other criminal offense must "aris[e] from the same transaction." *Id*. While the trial court incorrectly identified the CSC-I charge pertaining to the sexually abusive activity conviction as Count I, it is eminently clear that the trial court intended to order that defendant serve his sentence for his sexually abusive activity conviction consecutively with his CSC-I conviction for his criminal sexual conduct against AB. Although defendant is entitled to clarification of his sentence, he is not entitled to resentencing because the trial court had statutory authority to impose consecutive sentencing in this case, albeit in relation to his conviction of the charge stated in Count II.

When a mistake is found within a judgment of sentence, remand to the trial court is appropriate to amend the judgment. MCR 6.435(A) ("Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it."); *People v Katt*, 248 Mich App 282, 311-312; 639 NW2d 815 (2001). Accordingly, we remand this case to the trial court to correct the amended judgment of sentence to reflect that defendant's sentence for Count VIII shall be served consecutively to his sentence for CSC-I under Count II.

## IV. IMPOSITION OF CONSECUTIVE SENTENCES

Defendant also argues that the trial court failed to adequately justify the imposition of the consecutive sentence. We disagree.

"To preserve a sentencing issue for appeal, a defendant must raise the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals." *People v Clark (On Remand)*, 315 Mich App 219, 223; 888 NW2d 309 (2016) (quotation marks and citations omitted). Defendant did not argue or object at resentencing that the trial court failed to properly articulate its reasoning for imposing a consecutive sentence. Therefore, defendant failed to preserve this claim of error. Generally, where a statute provides that a trial court " 'may' impose consecutive sentences," the trial court's imposition of

consecutive sentences is reviewed for an abuse of discretion. *Ryan*, 295 Mich App at 401 n 8; see also *People v Norfleet*, 317 Mich App 649, 654; 897 NW2d 195 (2016) (*Norfleet I*). However, "because defendant's issue is unpreserved, this Court reviews the issue for plain error affecting his substantial rights." *People v Perry*, 317 Mich App 589, 600; 895 NW2d 216 (2016) (citation omitted). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999) (citation omitted). To establish that the error affected his substantial rights, defendant must show that he suffered prejudice because the error affected the outcome of the trial court's proceedings. *Id*. Reversal is only warranted if the plain error leads to "the conviction of an actually innocent defendant," or where an error affects the "fairness, integrity, or public reputation" of the judicial proceedings. *Id*. at 763-764 (citation omitted).

"Review of a discretionary decision requires that the trial court set forth the reasons underlying its decision." *Norfleet I*, 317 Mich App at 664. Merely stating that a trial court took into account the defendant's background, history, and the nature of the offenses is not sufficient. *Id*. at 666. Instead, a trial court must give particularized reasons, with reference to the specific offenses and the defendant, when imposing a consecutive sentence. *Id*. Requiring a trial court to justify its reasons for imposing a consecutive sentence "is in accordance with the Supreme Court's statements that Michigan has a 'clear preference for concurrent sentencing' and that the '[i]mposition of a consecutive sentence is strong medicine.' " *Id*. at 665, quoting *People v Chambers*, 430 Mich 217, 229, 231; 421 NW2d 903 (1988). Requiring such justification will help ensure that trial courts reserve consecutive sentences "for those situations in which so drastic a deviation from the norm is justified." *Norfleet I*, 317 Mich App at 665.

In *Norfleet I*, this Court found that "the trial court spoke only in general terms, stating that it took into account [the] defendant's background, his history, [and] the nature of the offenses involved." *Id*. at 666 (quotation marks omitted). Accordingly, this Court remanded the case to the trial court to "fully articulate" its reasoning for the imposition of consecutive sentences. *Id*. On remand, the trial court articulated its rationale for imposing consecutive sentences for two counts:

> And, as the prosecutor states in his brief, some of the considerations for consecutive sentencing are the defendant's extensive criminal history which we reviewed, his extremely violent criminal history which we reviewed, his failure to be rehabilitated, his failure to be gainfully employed, . . . his use and manipulation of addicts to sell heroin, his use and manipulation of his 18 year old girlfriend to sell heroin, the length and extensiveness of his heroin dealing, the amount of money he gained from his heroin dealing and the fact that consecutive sentences deter others from committing similar crimes. [*People v Norfleet (After Remand)*, 321 Mich App 68, 72; 908 NW2d 316 (2017) (*Norfleet II*).]

This Court concluded that the trial court's consideration of the defendant's criminal history, the defendant's failure to rehabilitate, and the defendant's manipulation of others sufficed to impose consecutive sentences. *Id*. at 73.

In this case, at defendant's first sentencing, the trial court found that defendant's conduct made consecutive sentencing necessary and appropriate because it found compelling circumstances that supported imposing consecutive sentences. The trial court found that defendant had multiple victims, repeated occurrences of criminal sexual conduct and he committed a number of other crimes in connection with his commission of CSC-I. The trial court opined that many facts and circumstances supported imposing a consecutive sentence.

The trial court stated at defendant's resentencing that it was imposing consecutive sentences for defendant's commission of child sexually abusive activity in relation to his commission of CSC-I because the felonies arose from the same transaction and occurrence. The trial court found that the video evidence and defendant's own admissions established that defendant's child sexually abusive activity arose out defendant's CSC-I transaction. The trial court recalled that defendant specifically admitted that he knowingly allowed AB to participate in his criminal sexual conduct while he videotaped it on his phone. In so doing, the trial court clearly articulated its rationale for exercising its discretion to impose consecutive sentences in this case.

The record reflects that the trial court recollected that AB and SB were victims of repeated sexual abuse and that defendant committed numerous crimes in conjunction with his criminal sexual conduct, including defendant's videotaping his sexual exploitation of AB, all of which justified the trial court's imposition of consecutive sentences. *Norfleet II*, 321 Mich App at 73. Defendant, therefore, has failed to establish any plain error that affected his substantial rights warranting resentencing.

For the reasons stated in this opinion, we remand solely for the trial court's ministerial correction of the amended judgment of sentence. In all other respects, we affirm. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Deborah A. Servitto
/s/ James Robert Redford

-7-