*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
July 30, 2020

v

ALBERT LAMAR WILLIAMS,

Defendant-Appellant.

No. 348259
Kent Circuit Court
LC No. 17-009948-FC

Before: BORRELLO, P.J., and SAWYER and SERVITTO, JJ.

PER CURIAM.

Defendant, Albert Lamar Williams, appeals his convictions of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (victim under 13, defendant over 17); and second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (victim under 13, defendant over 17) following a bench trial. The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to consecutive terms of 25 to 50 years' imprisonment for CSC-I and 10 to 50 years' imprisonment for CSC-II. For the reasons set forth in this opinion, we affirm defendant's convictions, but vacate his sentences and remand for resentencing consistent with this opinion.

## I. BACKGROUND

This case arises out of the repeated sexual assault of the minor child of defendant's girlfriend in Grand Rapids, Michigan. The victim testified that defendant lived with her and her mother and while in their residence, "would push his private area like where he goes pee into [the victim's private area where [the victim] goes pee." The victim testified that she did not know "how many times he did it," but she did know that "it was more than one time." The victim further testified that the defendant also "touched this area" (her breasts) more than one time under her clothes.

Additional testimony was offered by the victim's mother and a sexual assault nurse examiner, both testifying as to what the victim told them regarding the sexual assaults. The victim's mother recorded a conversation with the defendant wherein the victim's mother testified that defendant never denied the sexual assaults.

-1-

Defendant testified that the victim was "a little promiscuous," as evinced by the way she talked, danced, acted sassy, walked funny and "did weird things." Defendant further testified that it was the victim who tried to touch him, during what defendant referred to as "movie night." Defendant's testimony was that during movie night, defendant fell asleep with his shirt off and felt the victim's "little hand" on his bare chest, which defendant described as sexual because he was "a grown man" and when defendant was in the bed with the victim's mother, the victim should have gotten out of their bed. While defendant stated he got along with the victim, it was defendant's contention that the victim did not want him to live in the house, preferring that the victim's biological father reside there instead. Defendant also testified that he did not recall ever speaking to the victim's mother as was presented in her audio recordings, and hypothesized that the tape had been edited.

As stated above, the trial court convicted defendant of CSC-I and CSC-II. The trial court then sentenced defendant as discussed earlier, ordering the sentences to be served consecutively because of "the nature of the case." The trial court addressed defendant and stated that "[y]ou betrayed your girlfriend and you betrayed this little girl who trusted you. And, you raped her several times over a period of well over a year. Its—its—its just appalling. And—and then—and you have asked for and deserve no mercy from this Court or from anybody else for what you've done." This appeal then ensued.

## II. ANALYSIS

On appeal, defendant argues that the prosecutor asked the victim leading questions that affected the outcome of the trial and that his defense counsel was ineffective for failing to object to the questions.

The prosecution asserts that the questioning was not improper, defendant was not denied the effective assistance of counsel, and even presuming error in the prosecutor's questioning, defendant cannot demonstrate that he suffered any prejudice. We concur with the prosecutor.

Defendant failed to object to the complained of questioning in the trial court, hence, this issue is unpreserved. See *People v Cameron*, 291 Mich App 599, 617; 806 NW2d 371 (2011). Unpreserved claims of prosecutorial error are reviewed for plain error affecting substantial rights. *People v Norfleet*, 317 Mich App 649, 660 n 5; 897 NW2d 195 (2016). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Because defendant failed to preserve his claim of ineffective assistance of counsel and no *Ginther*[1] hearing was held, this Court's review "is limited to mistakes apparent from the record." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Whether effective assistance of counsel has been denied is a mixed question of fact and constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). This Court reviews questions of constitutional law de

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

novo, and factual findings, if any, for clear error. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

A leading question is a question that contains its own presumptive answer, *People v Snyder*, 462 Mich 38, 43; 609 NW2d 831 (2000), and "provide grounds for objection during a trial because they are considered confusing and suggestive," *People v Adkins*, 452 Mich 792, 731; 551 NW2d 108 (1996). MRE 611(d)(1) provides that "leading questions should not be used on direct examination of a witness except as may be necessary to develop the witness' testimony." However, "a considerable amount of leeway may be given to a prosecutor to ask leading questions of child witnesses." *People v Watson*, 245 Mich App 572, 587; 629 NW2d 411 (2001). Moreover, "[u]nlike a jury, a judge is presumed to possess an understanding of the law, which allows him to understand the difference between admissible and inadmissible evidence or statements of counsel." *People v Wofford*, 196 Mich App 275, 282; 492 NW2d 747 (1992).

Here, defendant argues that the prosecutor erred during direct examination in asking the child regarding defendant pushing his private area into her private area, "Did it tickle, did it hurt? Can you tell us anything about that?" The 10-year-old victim responded, "It like—it like hurt and tickled at the same time." We note that a prosecutor is afforded a "considerable amount of leeway," because the witness was a child and the prosecutor was developing her testimony. See MRE 611(d)(1); see also *Watson*, 245 Mich App at 587. Furthermore, this was a bench trial and the trial court is presumed to understand the law and the differences between leading and not leading questions. See *Wofford*, 196 Mich App 282. But ultimately, we concur with the prosecutor's assertions that the objected to questions were not leading. "Did it tickle, did it hurt?" seemingly required a yes or no in response, was not confusing, and did not suggest an answer. See *Snyder*, 462 Mich at 43. "Can you tell us anything about that?" was an open-ended question and does not contain a presumptive answer. See *id*. Accordingly, defendant has failed to establish plain error. See *Norfleet*, 317 Mich App at 660 n 5.

Defendant also argues that defense counsel was ineffective for not objecting to the prosecutor's allegedly improperly leading question of the complainant.

"Both the United States and Michigan constitutions provide that the accused shall have the right to counsel for his defense." *People v Aceval*, 282 Mich App 379, 386; 764 NW2d 285 (2009), citing US Const, Am VI; Const 1963, art 1, § 20. However, it is the defendant's burden to prove that counsel did not provide effective assistance. *People v Anderson*, 322 Mich App 622, 628; 912 NW2d 607 (2018). Counsel is presumed to be effective, and defendant bears a heavy burden to demonstrate otherwise. See *id*. To prove that defense counsel was not effective, the defendant must show that: (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant. *Id*. The defendant was prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different. *Id*. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Id*. at 628, quoting *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "It is well established that defense counsel is not ineffective for failing to pursue a futile motion." *People v Brown*, 279 Mich App 116, 142; 755 NW2d 664 (2008).

Defendant argues that defense counsel was ineffective for failing to object to the prosecutor's questions of the complainant. As discussed previously, the questions were not leading and were not in error. Therefore, an objection from defense counsel would have been futile and counsel is not ineffective for failing to pursue a futile motion. See *Brown*, 279 Mich App at 142. Further, defendant fails to show defense counsel's alleged error prejudiced him because it was not outcome-determinative. From our review of the record, we hold that even presuming the complained of questions to have been leading, defense counsel's failure to object to the leading nature of a question in a bench trial did not undermine confidence in the outcome of the trial. See *Anderson*, 322 Mich App at 628. Accordingly, defendant is not entitled to relief on this issue.

Next, defendant argues, and the prosecution properly agrees, that the trial court did not articulate its rationale for imposing consecutive sentences and defendant is therefore entitled to resentencing.

In Michigan courts, "concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012) (quotation marks and citation omitted). Our Supreme Court has articulated a "clear preference for concurrent sentencing." *People v Chambers*, 430 Mich 217, 229; 421 NW2d 903 (1988). Consecutive sentencing must therefore be "reserved for those situations in which so drastic a deviation from the norm is justified." *Norfleet I*, 317 Mich App at 665. When imposing a discretionary consecutive sentence, the trial court must articulate its rationale for each consecutive sentence it imposes. *Id*. at 664-666. In *Norfleet*, the sentencing court imposed five consecutive sentences for multiple drug offenses, but spoke "only in general terms," stating that it "took into account defendant's 'background, history, [and] the nature of the offenses involved' "; this Court remanded the case so that the trial court could fully articulate its rationale. *Id*. at 666.

In this case, defendant was charged with CSC-I pursuant to MCL 750.520b. MCL 750.520b(3) provides that the trial court "may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." Defendant was also charged with CSC-II pursuant to MCL 750.520c. "Two or more separate criminal offenses can occur within the same transaction." *People v Ryan*, 295 Mich App 388, 402; 819 NW2d 55 (2012) (quotation marks and citation omitted). "[A]n ongoing course of sexually abusive conduct involving episodes of assault does not in and of itself render the crimes part of the same transaction. For multiple penetrations to be considered as part of the same transaction, they must be part of a 'continuous time sequence,' not merely part of a continuous course of conduct." *People v Bailey*, 310 Mich App 705, 725; 873 NW2d 855 (2015); see also *Ryan*, 295 Mich App at 403-404 (holding that the vaginal penetration of the victim immediately following the act of fellatio on the same victim grew out of a continuous time sequence because one offense occurred immediately following the other, with a "connective relationship that was more than incidental").

In this case, we concur with the arguments of defendant and the prosecution and find that the trial court erred in ordering consecutive sentences. First, the trial court failed to state any findings regarding whether defendant's criminal actions were arising from the same transaction for the purpose of imposing consecutive sentences. Additionally, the record is unclear if any of defendant's actions were, in fact, a part of the same transaction because the victim did not testify regarding specific dates or times. The victim's testimony was that defendant penetrated her and

touched her chest on more than one occasion, but not if he did any of those things to her more than once on the same occasion or assaulted her in more than one way consecutively on the same occasion.

Next, we conclude that the trial court abused its discretion by failing to articulate particularized reasons for ordering consecutive sentences. The trial court supported its sentencing decision with the reasoning that it was deserved based on the appalling nature of the case, defendant betrayed the trust of his girlfriend and the victim, the fact that defendant raped the victim several times over a period of well over a year, that defendant did not ask for mercy, and that defendant did not deserve mercy for what he had done. The trial court then sentenced defendant as stated above, with the term of imprisonment for the CSC-I conviction served consecutive to the term for CSC-II.

Again, the trial court may not impose consecutive sentences for a particular defendant simply because defendant's offenses are of a kind that the trial court finds particularly egregious. The trial court failed to describe any particularly specific or unique aspects of defendant or of the crime to justify its consecutive sentences. *People v Norfleet (Norfleet II)*, 321 Mich App 68, 72-73; 908 NW2d 316 (2017).

Defendant's convictions are affirmed, defendant's sentences are vacated, and we remand for resentencing consistent with this opinion. We note that our holding does not operate to preclude the trial court from again imposing consecutive sentences. However, the trial court must do so in accordance with established case law, MCL 750.520b(3), and this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Deborah A. Servitto