*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOSHUA ZACHARY MURRAY,

        Defendant-Appellant.

UNPUBLISHED
June 17, 2021

No. 350591
St. Clair Circuit Court
LC No. 19-000482-FH

Before: REDFORD, P.J., and BORRELLO and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right his convictions by jury of third-degree fleeing and eluding a police officer, MCL 257.602a(3)(a), resisting or obstructing a police officer, MCL 750.81d(1), reckless driving, MCL 257.626, and second-offense operating a vehicle without a license, MCL 257.904(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 1 to 15 years' imprisonment for third-degree fleeing and eluding a police officer with 130 days credit for time served, and 89 days in jail for resisting or obstructing a police officer, reckless driving, and operating a vehicle without a license with 89 days credit for time served. The trial court ordered defendant to serve his sentences consecutively to his sentence in another criminal matter because defendant committed the instant offenses while out on bond in the other case. The trial court also ordered defendant to pay costs under MCL 769.1k(1)(b)(*iii*). We affirm.

## I. FACTUAL BACKGROUND

On February 9, 2019, as a St. Clair County Sheriff's Deputy attempted to conduct a traffic stop, defendant fled in his vehicle. The deputy pursued defendant through a residential neighborhood through which defendant drove over 50 miles per hour despite the 25-mile-per-hour speed limit. The deputy arrested defendant after he crashed his vehicle in a roadside ditch and then attempted to flee on foot. At trial, the court instructed the jury regarding the general principle of unanimity but did not provide a specific unanimity instruction regarding the factual basis supporting defendant's conviction of third-degree fleeing and eluding a police officer.

## II. INSTRUCTIONAL ERROR

Defendant argues that the trial court erred by failing to instruct the jury that it had to reach a unanimous agreement regarding the factual basis supporting defendant's conviction of third-degree fleeing and eluding a police officer. To preserve an instructional error for review, a defendant must request a given instruction or object to the jury instructions. *People v Sabin (On Second Remand)*, 242 Mich App 656, 657; 620 NW2d 19 (2000). "Absent an objection or request for an instruction, this Court will grant relief only when necessary to avoid manifest injustice." *Id.* (citations omitted). In this case, defense counsel neither requested a specific unanimity instruction nor objected to the jury instructions before the jury deliberated. Defendant, therefore, not only failed to preserve the issue but waived it "for review absent a finding that relief is necessary to avoid manifest injustice." *Id.* at 658

We review de novo questions of law related to claims of instructional error and review for an abuse of discretion the trial court's determination that a jury instruction applies to the facts of the case. *People v Craft*, 325 Mich App 598, 604; 927 NW2d 708 (2018). However, we review unpreserved claims of instructional error for plain error affecting substantial rights. *People v Aldrich*, 246 Mich App 101, 124-125; 631 NW2d 67 (2001). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.* Nevertheless, by expressly approving the jury instructions, a defendant waives review of any alleged instructional error. *People v Head*, 323 Mich App 526, 537; 917 NW2d 752 (2018). Our Supreme Court has held that trial counsel expressly approves of jury instructions when trial counsel affirmatively states that he or she has no objection to the jury instructions as they were read. *People v Kowalski*, 489 Mich 488, 505; 803 NW2d 200 (2011).

In this case, defense counsel expressly approved the jury instructions by informing the trial court that he did not have any objection to the instructions as read. Accordingly, defendant waived his right to raise a claim of instructional error on appeal. "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (citation and quotation marks omitted). Although, we need not address the merits of defendant's claim of instructional error because defense counsel waived the issue, we may consider whether relief is necessary to avoid manifest injustice.

"A criminal defendant has the right to have a properly instructed jury consider the evidence against him." *People v Quinn*, 305 Mich App 484, 493; 853 NW2d 383 (2014) (citation and quotation marks omitted). In *People v Chelmicki*, 305 Mich App 58, 67-68; 850 NW2d 612 (2014) (quotation marks, alteration, and citations omitted), this Court explained:

> Michigan law provides criminal defendants the right to a unanimous jury verdict. MCR 6.410(B). In order to protect a defendant's right to a unanimous verdict, it is the duty of the trial court to properly instruct the jury regarding the unanimity requirement. Often, the trial court fulfills that duty by providing the jury with a general instruction on unanimity. However, a specific unanimity instruction

may be required in cases in which more than one act is presented as evidence of the actus reus of a single criminal offense and each act is established through materially distinguishable evidence that would lead to juror confusion.

* * *

This Court held that when a statute lists alternative means of committing an offense which in and of themselves do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternate theory. Our Supreme Court has found that cases in which more than one act is presented as evidence of the actus reus of a single criminal offense are analytically distinct from cases like the one before us today, in which defendant may be properly convicted on multiple theories that represent the same element of the offense.

In this case, the prosecution charged defendant with violation of MCL 257.602a(3), third-degree fleeing and eluding a police officer. MCL 257.602a provides in relevant part:

(1) A driver of a motor vehicle who is given by hand, voice, emergency light, or siren a visual or audible signal by a police or conservation officer, acting in the lawful performance of his or her duty, directing the driver to bring his or her motor vehicle to a stop shall not willfully fail to obey that direction by increasing the speed of the motor vehicle, extinguishing the lights of the motor vehicle, or otherwise attempting to flee or elude the officer.

* * *

(3) Except as provided in subsection (4) or (5), an individual who violates subsection (1) is guilty of third-degree fleeing and eluding, a felony punishable by imprisonment for not more than 5 years or a fine of not more than $1,000.00, or both, if 1 or more of the following circumstances apply:

(a) The violation results in a collision or accident.

(b) A portion of the violation occurred in an area where the speed limit is 35 miles an hour or less, whether that speed limit is posted or imposed as a matter of law.

Under MCL 257.602a(3)(a) and (b), a defendant may be convicted of third-degree fleeing and eluding a police officer if the violation resulted in a collision or accident, or a portion of the violation occurred in an area where the speed limit is 35 miles per hour or less. MCL 257.602a(3) plainly lists alternative means of committing an offense which in and of themselves do not constitute separate and distinct offenses. More than one act may be presented as evidence of the *actus reus* of a single criminal offense. Therefore, jury unanimity is not required regarding the alternate theories. Accordingly, although the prosecution presented evidence that defendant's act of fleeing and eluding a police officer resulted in an accident and that a portion of the violation occurred in a residential area with a speed limit of 25 miles per hour, jury unanimity was not required regarding these alternative theories and the trial court properly instructed the jury by

providing the jury with a general instruction on unanimity. Defendant, therefore, is not entitled to relief.

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that his trial counsel provided him ineffective assistance of counsel by failing to request a specific unanimity instruction or by neglecting to object to the instructions after the trial court failed to provide a specific unanimity instruction to the jury. We disagree.

A claim of ineffective assistance of counsel "presents a mixed question of fact and constitutional law." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). This Court generally reviews the trial court's findings of fact, if any, for clear error, and reviews de novo its conclusions of law. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Armstrong*, 490 Mich at 289. This Court, however, reviews unpreserved claims of ineffective assistance of counsel for mistakes apparent on the record. *People v Putnam*, 309 Mich App 240, 246, 247; 870 NW2d 593 (2015).

"In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012) (citations omitted). "In examining whether defense counsel's performance fell below an objective standard of reasonableness, a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Id*. at 52 (citation omitted). "In addition to proving that defense counsel's representation was constitutionally deficient, defendant must show that but for counsel's deficient performance, a different result would have been reasonably probable." *Id*. at 55-56 (quotation marks and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). Further, defendant "has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

There is a strong presumption that counsel's conduct fell within a wide range of professional assistance. *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012) (citation omitted). Defense counsel cannot be said to have rendered ineffective assistance by failing to raise meritless or futile objections. *Putnam*, 309 Mich App at 245.

The premise on which defendant bases his claim of ineffective assistance fails because the trial court had no duty to provide a specific unanimity instruction. Thus, any request for a specific unanimity instruction and any objection raised by defense counsel would have been meritless and futile. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (citation omitted). Accordingly, defense counsel's performance did not fall below an objective standard of reasonableness. Defendant, therefore, has failed and cannot meet his burden.

-4-

## IV. CONSECUTIVE SENTENCING

Defendant also argues that the trial court abused its discretion by requiring that he serve his sentences for his convictions in this case consecutively to his sentence in the criminal case for which he had been out on bond during the commission of the crimes in this case. Defendant argues that the trial court abused its discretion because (1) the trial court erroneously referenced defendant's criminal history that had already been taken into account in the sentencing guidelines, and (2) the trial court failed to provide particularized reasons for imposing consecutive sentences. We disagree.

When consecutive sentencing is permitted but not mandated, this Court reviews a trial court's decision to impose consecutive sentences for an abuse of discretion. *People v Norfleet*, 317 Mich App 649, 664; 897 NW2d 195 (2016) (*Norfleet I*). A trial court abuses its discretion when its decision falls "outside the range of reasonable and principled outcomes." *Id*. at 654 (citation omitted).

"In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012) (citation and quotation marks omitted). Under MCL 768.7b(2)(a), consecutive sentencing is permitted if a defendant commits a subsequent felony while the disposition of a prior felony is still pending. The parties do not dispute that defendant committed the instant offenses while released on bond for a prior felony. Thus, consecutive sentencing was specifically authorized by statute.

When discretionary consecutive sentencing is authorized by statute, trial courts must "articulate on the record the reasons for each consecutive sentence imposed." *Norfleet I*, 317 Mich App at 654. Doing so facilitates appellate review and ensures that consecutive sentencing "is reserved for those situations in which so drastic a deviation from the norm is justified." *Id*. at 665.

Defendant has failed to provide any authority supporting his assertion that a trial court may not rely upon factors considered in the sentencing guidelines as a basis for imposing a consecutive sentence. In *People v Norfleet*, 321 Mich App 68, 72; 908 NW2d 316 (2017) (*Norfleet II*), the trial court relied in part on the defendant's extensive and violent criminal history when it determined the appropriateness of imposing a consecutive sentence. This Court affirmed the trial court's decision and reasoned that the trial court properly relied upon the defendant's extensive and violent criminal history in articulating the particularized reasons for imposing a consecutive sentence. *Id*. at 73. *Norfleet II* indicates that a trial court may rely on a defendant's criminal history when articulating the particularized reasons for imposing a consecutive sentence.

In this case, the trial court did not abuse its discretion when it imposed a consecutive sentence. Initially, the trial court incorrectly stated during the sentencing hearing that defendant had eight prior felony convictions. Defendant's presentence investigation report (PSIR) reveals that defendant had six prior felony convictions. Despite the erroneous statement, the trial court provided adequate, particularized reasons for imposing a consecutive sentence. During the sentencing hearing, the trial court reasoned that a consecutive sentence particularly fit the circumstances of this case because defendant had a lengthy criminal history, continued to commit crimes, and continuously drove a vehicle although never having obtained a driver's license. The

trial court emphasized that defendant recently fled from the police on two separate occasions over a short period of time and in so doing put himself and others in danger. The trial court concluded that defendant's pattern of fleeing from the police did not constitute "insignificant criminal behavior." The trial court, therefore, adequately justified its decision to impose a consecutive sentence. By relying upon defendant's recent attempts to flee from the police, the trial court did more than speak in general terms about defendant's criminal history and gave particularized reasons for imposing a consecutive sentence. Accordingly, the trial court's decision to impose a consecutive sentence did not fall outside the range of reasonable and principled outcomes.

## V. CREDIT FOR TIME SERVED

Defendant also argues that the trial court miscalculated his credit for time served in jail. We disagree.

"Whether a defendant is entitled to credit for time served in jail before sentencing is a question of law that we review de novo." *People v Armisted*, 295 Mich App 32, 49; 811 NW2d 47 (2011) (citation omitted). Defendant asserts that he was entitled to 139 days credit rather than 130 days. The record reflects that the trial court revoked defendant's bond during a hearing held on April 29, 2019, and sentenced defendant on September 3, 2019. There are 128 days between April 29, 2019, and September 3, 2019. Thus, defendant was entitled to 128 days credit for the time he spent in jail between April 29, 2019 and September 3, 2019. Additionally, the PSIR reflects that defendant served two days in jail when initially arrested in February 2019. Accordingly, defendant served a total of 130 days in jail entitling him to 130 days credit.[1] Defendant's judgment of sentence credited him with the correct number of days served. Therefore, defendant is not entitled to additional jail credit.

## VI. CONSTITUTIONALITY OF MCL 769.1k(1)(b)(*iii*)

Defendant argues that MCL 769.1k(1)(b)(*iii*) is facially unconstitutional because it undermines a defendant's right to appear before a neutral judge and prevents the judicial branch from maintaining neutrality in criminal proceedings, and that the trial court committed plain error by assessing costs. We disagree.

"Whether a statute is constitutional is a question of law that this Court reviews de novo." *People v Boomer*, 250 Mich App 534, 538; 655 NW2d 255 (2002) (citation omitted). A defendant, however, must challenge the constitutionality of a statute in the trial court to preserve the issue for appellate review. *People v Vandenberg*, 307 Mich App 57, 61; 859 NW2d 229 (2014). Defendant did not challenge the constitutionality of MCL 769.1k(1)(b)(*iii*) in the trial court. Defendant, therefore, failed to preserve this issue for appellate review.

We review unpreserved claims of constitutional error for plain error affecting substantial rights. *Aldrich*, 246 Mich App at 124-125. "To avoid forfeiture under the plain error rule, three

---

[1] Although the parties expressed agreement in their briefs and at oral argument regarding defendant's entitlement to additional credit for time served, we are not bound by their agreement and our de novo review of the record confirms that the trial court did not err in this regard.

requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Carines*, 460 Mich at 763. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. Defendant bears the burden of establishing prejudice. *Id*. If defendant satisfies the three requirements, this Court "must exercise its discretion in deciding whether to reverse." *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (quotation marks, alteration, and citations omitted).

In *People v Johnson*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 351308), this Court recently considered a challenge to the constitutionality of MCL 769.1k(b)(*iii*) which allows a trial court to impose court costs that are reasonably related to the actual costs incurred by the trial court in processing a criminal case. "A constitutional challenge to the validity of a statute can be brought in one of two ways: by either a facial challenge or an as-applied challenge." *Id*. at ___; slip op at 2 (citation and quotation marks omitted). "A facial challenge attacks the statute itself, and requires the challenger to establish that no set of circumstances exists under which the act would be valid." *Id*. at ___; slip op at 2 (citations and quotation marks omitted). Defendant asserts that MCL 769.1k(1)(b)(*iii*) deprives all defendants of their due-process right to appear before an impartial decisionmaker and violates the separation of powers by preventing the judiciary from accomplishing its constitutionally assigned functions. Accordingly, defendant raises a facial challenge to MCL 769.1k(1)(b)(*iii*).

In *Johnson*, this Court considered an almost identical facial challenge to MCL 769.1k(1)(b)(*iii*). There, the defendant similarly argued that MCL 769.1k(1)(b)(*iii*) impacted the judiciary's impartiality by creating financial incentives to convict defendants and assess court costs to fund the trial courts. The defendant relied upon an interim report of the Trial Court Funding Commission and Supreme Court Administrative Office data on court costs. *Id*. at ___; slip op at 6 n 6. This Court rejected defendant's argument because trial courts lack unfettered discretion respecting the amount of costs they may impose and a factual basis must exist that demonstrates that the imposed costs are reasonably related to the costs incurred by the trial court. *Id*. at ___; slip op at 7. This Court agreed that the imposition of costs under the statutory provision generated revenue but observed that the statute neither authorized the courts to administer the collected costs nor permitted the trial judges to do so. *Id*.

This Court also rejected the defendant's assertion that MCL 769.1k(1)(b)(*iii*) violates the separation of powers by creating a funding system for the courts that interferes with the judiciary's obligation to maintain impartiality and administer rules regulating trial judges' impartiality. *Id*. at ___; slip op at 8-9. This Court reasoned that the defendant failed to show that MCL 769.1k(1)(b)(*iii*) prevented judges from remaining impartial under any given set of circumstances and failed to show that MCL 769.1k(1)(b)(*iii*) creates a financial interest in the judiciary that would cause trial judges to ignore their constitutional mandates. *Id*. at ___; slip op at 9. This Court emphasized that "nothing in the plain language of MCL 769.1k(1)(b)(*iii*) directs the flow of money or creates a funding system for the trial courts . . . ." *Id*. at ___; slip op at 9 (quotation marks and citation omitted). This Court concluded that the defendant's separation of powers argument did "not establish that the Legislature has made it impossible for trial courts to fulfill their constitutional mandates or that MCL 769.1k(1)(b)(iii) is facially unconstitutional." *Id*.

In this case, defendant has failed to establish that MCL 769.1k(1)(b)(*iii*) is facially unconstitutional. Much like the defendant in *Johnson*, defendant relies upon an interim report of the Trial Court Funding Commission and Supreme Court Administrative Office data on court costs in support of his assertion that MCL 769.1k(1)(b)(*iii*) impacts the judiciary's impartiality by creating financial incentives to convict defendants and assess court costs to fund the trial courts. Defendant has failed to show that trial courts control the manner in which the collected court costs are utilized such that MCL 769.1k(1)(b)(*iii*) impacts the judiciary's impartiality. Defendant also argues that MCL 769.1k(1)(b)(*iii*) violates the separation of powers by preventing the judiciary from accomplishing its constitutionally assigned function of overseeing criminal trials in an impartial manner. Accordingly, defendant has failed to establish that MCL 769.1k(1)(b)(*iii*) is facially unconstitutional. Defendant, therefore, has failed to show that plain error occurred when the trial court assessed defendant costs under MCL 769.1k(1)(b)(*iii*).

Affirmed.

/s/ James Robert Redford
/s/ Stephen L. Borrello
/s/ Jonathan Tukel