# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RONALD KENNETH NORFLEET,

Defendant-Appellant.

FOR PUBLICATION
August 22, 2017
9:05 a.m.

No. 328968
Grand Traverse Circuit Court
LC No. 2015-012072-FC

AFTER REMAND

Before: SHAPIRO, P.J., and HOEKSTRA and SERVITTO, JJ.

PER CURIAM.

This case returns to us after we remanded to the trial court for it to properly articulate its rationale for imposing consecutive sentences. Defendant was convicted of seven drug offenses, five of which were under MCL 333.7401, which provides trial courts the discretion to impose consecutive sentences. Originally the trial court ordered all five of defendant's convictions under MCL 333.7401 to be served consecutive to each-other and consecutive to the remaining two offenses, and it did so without explanation.

In remanding the case, we stated:

Review of a discretionary decision requires that the trial set forth the reasons underlying its decision. See *People v Broden*, 428 Mich 343, 350-351; 408 NW2d 789 (1987) (holding that in order to aid the appellate review of whether an abuse of discretion has occurred at sentencing the trial court is required to articulate on the record reasons for imposing a particular sentence). Further, MCL 333.7401(3) provides discretion to impose "[*a*] *term* of imprisonment . . . to run consecutively." (Emphasis added.) Therefore, a trial court may not impose multiple consecutive sentences as a single act of discretion nor explain them as such. The decision as to each consecutive sentence is its own discretionary act and must be separately justified on the record. The statute clearly provides that a discretionary decision must be made as to each sentence and not to them all as a group. Moreover, this is in accord with the Supreme Court's statement that Michigan has a "clear preference for concurrent sentencing" and that the "[i]mposition of a consecutive sentence is strong

-1-

medicine." *People v Chambers*, 430 Mich 217, 229, 231; 421 NW2d 903 (1988) (internal quotations and citation omitted).[] While imposition of more than one consecutive sentence may be justified in an extraordinary case, trial courts must nevertheless articulate their rationale for the imposition of each such sentence so as to allow appellate review. As the *Milbourn* Court aptly stated, "Discretion, however, is a matter of degree, not an all or nothing proposition." *Milbourne*, 435 Mich at 664. Additionally, we believe that requiring trial courts to justify each consecutive sentence imposed will help ensure that the "strong medicine" of consecutive sentences is reserved for those situations where so drastic a deviation from the norm is justified.

In the instant case, the trial court spoke only in general terms stating that it took into account defendant's "background, his history, [and] the nature of the offenses involved." Moreover, it did not speak separately as to each consecutive sentence, each of which represents a separate exercise of discretion. Therefore, the trial court did not give particularized reasons—with reference to the specific offenses and the defendant—to impose each sentence under MCL 333.7401(2)(a)(*iv*) consecutive to the other. Remand is therefore necessary so that the trial court can fully articulate its rationale for each consecutive sentence imposed. . . . [*People v Norfleet*, 317 Mich App 649, 664-666; 897 NW2d 195 (2016).]

We retained jurisdiction.

On remand, the trial court amended its previous sentencing order by only imposing two of the five convictions under MCL 333.7401 to run consecutive to each-other and ordered the other five counts to all run concurrently to each-other and concurrent to these first two counts.[1] The trial court articulated its rationale as to why it determined that counts 1 and 2 should run consecutively. We affirm.

While the facts of this case are more thoroughly detailed in our previous opinion, *Norfleet*, 317 Mich App at 654-657, we briefly reiterate that defendant was convicted after an investigation tied him to several heroin distributions. Specifically, officers had observed a suspected heroin transaction between Alysha Nerg, who was later determined to be one of defendant's associates, and Angela Bembeneck. A subsequent search of Bembeneck's car confirmed the officers' suspicions, and Bembeneck implicated defendant as her heroin supplier. Bembeneck agreed to engage in several controlled buys that involved her calling defendant to place the order and then meeting Nerg to conduct the actual exchange. A search warrant was executed on defendant's home where drug paraphernalia and the controlled buy funds were located. Defendant's ex-girlfriend also testified to previously picking up cash and making deliveries for defendant, including deliveries to Nerg and her husband.

---

[1] The parties stipulated that the trial court could resentence defendant in the context of the hearing on remand, although it was not a formal resentencing.

On remand, the trial court stated its rationale for imposing counts 1 and 2 consecutively as follows:

> And, as the prosecutor states in his brief, some of the considerations for consecutive sentencing are the defendant's extensive criminal history which we reviewed, his extremely violent criminal history which we reviewed, his failure to be rehabilitated, his failure to be gainfully employed, . . . his use and manipulation of addicts to sell heroin, his use and manipulation of his 18 year old girlfriend to sell heroin, the length and extensiveness of his heroin dealing, the amount of money he gained from his heroin dealing and the fact that consecutive sentences deter others from committing similar crimes.
>
> For all of those reasons the Court deems that an appropriate exercise of discretion to issue a consecutive sentence as to Count I and Count II, that is Count II shall run consecutive to Count I. But, if I understand the Court of Appeals position the Court has to go through all of the other counts that were consecutive at the original sentence and describe why they should be consecutive, and I think that that becomes not only repetitive but it seems to me that there should be some different reasons perhaps that would justify a consecutive sentencing as to all the counts that were consecutive at the original sentencing. So, my conclusion then would be that there is substantial circumstances based on history and the nature of the offenses for consecutive sentence in this major controlled substance case as to Count I and Count II but that there are not other reasons or additional reasons why the Court should impose consecutive sentences as to any and all of the remaining counts, so they shall all run concurrently with the Count I and Count II sentences.

These statements show that the trial court properly understood the directives of our previous opinion. The trial court ordered count 1 to be served consecutive to count 2 and stated its rationale as to why it believed the strong medicine of a consecutive sentence was appropriate in this case, that being defendant's extensive violent criminal history, multiple failures to rehabilitate, and the manipulation of several less culpable individuals in his ongoing criminal operation. We agree that this combination of facts was sufficient to depart from the heavy presumption in favor of concurrent sentences and to order *one* of the sentences to be served

consecutively to another. The trial court properly recognized that it could not impose multiple consecutive sentences as a single act of discretion and correctly issued a judgment of sentence in which the remaining sentences are all to be served concurrently.

Affirmed.[2]


/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Deborah A. Servitto

---

[2] Independent of the consecutive sentencing issue, we also directed the trial court to follow the Crosby procedure as to the individual minimum terms imposed because the court had scored one offense variable based on judicially-found facts. On remand the trial court stated that it would have imposed the same minimum terms had it been aware that the guidelines were advisory rather than mandatory.