*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLICATION
May 30, 2019

Plaintiff-Appellee,

v

No. 344069
Grand Traverse Circuit Court
LC No. 2017-012802-FC

LEBRONZE PIERRE SEAMON,

Defendant-Appellant.

Before: SWARTZLE, P.J., and M. J. KELLY and TUKEL, JJ.

PER CURIAM.

Defendant, Lebronze Pierre Seamon, pleaded guilty to two counts of possession with intent to deliver less than 50 grams of narcotics, MCL 333.7401(2)(a)(*iv*). The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to serve consecutive terms of 3½ to 20 years in prison for his two convictions. Defendant appeals by leave granted,[1] alleging that the trial court's imposition of consecutive sentences was unreasonable. We affirm.

## I. BACKGROUND FACTS

On May 11, 2017, defendant provided 0.44 grams of heroin to Derrek Hale and Molly Matthews at Hale's apartment in Traverse City.[2] Michael Hertler also was in the apartment, and defendant gave him some cocaine.[3] Hale injected the heroin and then lost consciousness. Hertler called 911 and administered Narcan to Hale, and Hertler was able to revive him. According to Hale's medical records, he was a chronic intravenous drug user, and he believed he

---

[1] *People v Seamon*, unpublished order of the Court of Appeals, entered July 6, 2018 (Docket No. 344069).

[2] Hale stated that he did not pay for the drugs, and he believed they were a "tester" for defendant to determine "how good the drug was prior to selling it."

[3] Later that day, defendant sold Hertler 1.56 grams of heroin for $400.

took heroin and fentanyl on the morning that he overdosed; the drug screen he was given at the hospital was positive for benzodiazepines, amphetamines, opiates, cocaine, and cannabis.

After Hertler called 911, defendant and Matthews left the apartment and went to a house where Matthews was staying. Defendant stated that Matthews acted strangely, became jittery, and started "freaking out." Matthews left the house on foot and defendant yelled at her to come back, but she did not. A homeowner found Matthews dead on the back porch of his house later that day. Matthews's cause of death was mixed drug intoxication, and she tested positive for amphetamines, methamphetamine, cocaine metabolite, fentanyl, morphine, and alprazolam metabolite.

In August 2017, defendant was charged with five counts of possession with intent to deliver narcotics as a fourth-offense habitual offender. Defendant reached an agreement with the prosecution under which he agreed to plead guilty to two counts of possession with intent to deliver narcotics as a second-offense habitual offender; in exchange, the prosecution dismissed the remaining charges. At the plea hearing, the trial court informed defendant that it had discretion to impose consecutive sentences for his controlled substance offenses, and defendant stated that he understood. Defendant admitted that he delivered less than 50 grams of cocaine and less than 50 grams of heroin to an apartment in Grand Traverse County. Defendant also admitted that he was previously convicted of delivering methamphetamine or ecstasy, of attempting to deliver cocaine or heroin, and of delivering cocaine or heroin.

At the sentencing hearing, the trial court referred to defendant's "long record of similar behavior."[4] He had five prior felony convictions and four prior misdemeanor convictions, and the trial court stated that defendant was "heavily involved in drug use and specifically drug delivery." In Texas, defendant was convicted of delivery or manufacture of marijuana and possession of marijuana. In Michigan, he was convicted of delivery of methamphetamine, possession with intent to deliver marijuana, delivery of narcotics, and delivery of heroin. Defendant was on parole at the time that he committed this offense and he had pending charges for delivering cocaine and heroin in another county.

Defendant's sentencing guidelines range was 19 to 47 months. The trial court had discretion to impose consecutive sentences, and the trial court stated, "Given the fact [that defendant] has a very long history of . . . delivery of serious drugs, convictions for that, I think that consecutive sentencing is appropriate in this case." The trial court therefore sentenced defendant, within the applicable guidelines range, to consecutive terms of 3½ (42 months) to 20 years.

---

[4] Indeed, even defense counsel conceded that defendant had "a lengthy criminal history," with "almost all of it involving drugs" and that defendant was not from the area but came up to Grand Traverse County "to play and sell drugs."

## II. ANALYSIS

## A. REASONABLENESS OF SENTENCE

Defendant argues that his sentences are not proportionate. Defendant did not preserve this issue by raising it in the trial court. See *People v Anderson*, 322 Mich App 622, 634; 912 NW2d 607 (2018). Accordingly, our review is for plain error affecting substantial rights. *Id*.

The trial court must consult the recommended guidelines sentencing range and take that range into account when determining a defendant's actual sentence. *People v Steanhouse*, 500 Mich 453, 470; 902 NW2d 327 (2017); *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015). The trial court must also articulate its reasons for imposing a particular sentence on the record at sentencing, although the articulation is sufficient if the trial court expressly relies on the sentencing guidelines. *People v Conley*, 270 Mich App 301, 312-313; 715 NW2d 377 (2006).

"When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), citing MCL 769.34(10).[5] This Court also has held that "[i]n order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013) (quotation marks and citation omitted).

In this case, defendant's minimum sentencing guidelines range was 19 to 47 months. The trial court sentenced defendant to serve a minimum of 42 months in prison for each of his convictions. The trial court justified defendant's sentence in part by stating that it was within the guidelines, and accordingly, the trial court sufficiently articulated its reasons for imposing the sentence. See *Conley*, 270 Mich App at 313. Defendant does not allege that there was an error in scoring the guidelines or that the trial court relied on inaccurate information, and he has not identified any unusual circumstances that would render his within-guidelines sentence disproportionate. Therefore, this Court must affirm defendant's sentence. See *Schrauben*, 314 Mich App at 196.

---

[5] The *Schrauben* Court, 314 Mich App at 182 n 1, explained:

> *Lockridge* did not alter or diminish MCL 769.34(10), which provides, in pertinent part, "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence."

## B. CONSECUTIVE SENTENCES

Defendant also argues that the trial court erred when it imposed consecutive sentences. At the outset, we note that consecutive sentencing in this instance was authorized by law. MCL 333.7401(3) provides that "[a] term of imprisonment imposed" for a controlled substance offense under MCL 333.7401(2)(a) "may be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony." "[W]hen a statute grants a trial court discretion to impose a consecutive sentence, the trial court's decision to do so is reviewed for an abuse of discretion, i.e., whether the trial court's decision was outside the range of reasonable and principled outcomes." *People v Norfleet*, 317 Mich App 649, 654; 897 NW2d 195 (2016).

To the extent that defendant suggests that his two proportionate sentences are now disproportionate merely because they are to be served consecutively, that argument is without merit. This Court has rejected the argument that proportionality challenges for consecutive sentencing should be based on the cumulative effect of the sentences; instead, "a proportionality challenge to a given sentence must be based on the *individual term imposed*." *Norfleet*, 317 Mich App at 663 (emphasis added). Thus, because we have already held that defendant's individual sentences are proportionate, his proportionality challenges fail.

However, the *Norfleet* Court held that "trial courts imposing one or more discretionary consecutive sentences are required to articulate on the record the reasons for each consecutive sentence imposed." *Id.* at 654. In *Norfleet*, the defendant had been sentenced to five different consecutive sentences in connection with his five controlled substance convictions. *Id.* at 657. This Court remanded to the trial court because the trial court did not sufficiently articulate "particularized reasons" to impose consecutive sentences. *Id.* at 666. On remand, the trial court imposed one consecutive sentence based on considerations that included the defendant's "extensive" and "violent" criminal history, "his failure to be rehabilitated" and "to be gainfully employed," and his lengthy and extensive history of dealing heroin. *People v Norfleet (On Remand)*, 321 Mich App 68, 72; 908 NW2d 316 (2017) (quotation marks omitted). This Court determined that the reasons that the trial court identified were "sufficient to depart from the heavy presumption in favor of concurrent sentences." *Id.* at 73.

Defendant claims that the trial court here did not sufficiently articulate reasons for imposing consecutive sentences. We disagree. Before imposing defendant's sentences, the trial court focused on defendant's "long record of similar behavior." The trial court stated that defendant was "heavily involved in drug use and specifically drug delivery." The trial court referenced defendant's numerous prior convictions for controlled substance offenses, and it noted that at the time of this offense, defendant was on parole for a conviction of delivering heroin and he had pending charges in another county involving delivery of cocaine and heroin. The trial court concluded:

> So there's a long course of drug dealing. And—including several deliveries of—convictions for serious drugs. And at some point this gets to be—doesn't appear like [defendant is] going to straighten out and do something else—which is too bad because he actually comes from a family that has success. There's really no

real excuse for this. He's not from a difficult background. I mean, it's hard to understand why he's here.

Therefore, it is clear that the trial court articulated a sufficient rationale for imposing consecutive sentences. Specifically, the trial court noted that defendant had a long history of dealing and selling drugs and had failed to "straighten out and do something else," despite his numerous prior controlled substance convictions and sentences and his background, which afforded "no real excuse for this." As *Norfleet* illustrates, a trial court is allowed to rely on a defendant's excessive criminal history and "multiple failures to rehabilitate," in deciding to impose consecutive sentencing. *Id.* at 73. Thus, because the trial court provided sound, particularized reasons, defendant has failed to show how the court abused its discretion by imposing consecutive sentences.

Affirmed.

/s/ Brock A. Swartzle
/s/ Michael J. Kelly
/s/ Jonathan Tukel