*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT JERRY MILES,

        Defendant-Appellant.

UNPUBLISHED
July 14, 2022

No. 358837
Ingham Circuit Court
LC No. 16-000986-FC

Before: GLEICHER, C.J., and GADOLA and YATES, JJ.

PER CURIAM.

On September 12, 2014, defendant provided heroin to another individual in exchange for a $300 Bridge card. Later that night, that individual died of a drug overdose. In 2018, defendant was convicted of delivery of less than 50 grams of a controlled substance, MCL 333.7401(2)(a)(*iv*). Defendant was originally sentenced as a fourth-offense habitual offender, MCL 769.12, to 5 to 40 years' imprisonment, to be served consecutively to a federal sentence.[1] This Court affirmed defendant's conviction and sentence. *People v Miles*, unpublished per curiam opinion of the Court of Appeals, issued September 10, 2019 (Docket No. 343800). Defendant filed an application for leave to appeal to our Supreme Court. The Supreme Court vacated the portions of this Court's opinion addressing the scoring of OV 3 and OV 12 and the trial court's assessment of court costs, remanding the case to be held in abeyance pending a decision in *People v Lewis*, unpublished per curiam opinion of the Court of Appeals, issued May 13, 2021 (Docket No. 350287). *People v Miles*, 506 Mich 1029 (2020). The Supreme Court further directed that, "[a]fter *Lewis* is decided, the Court of Appeals shall reconsider this case in light of *Lewis* and *People v Beck*, 504 Mich 605; 939 NW2d 213 (2019)." *Id*. Subsequently, this Court remanded the matter for resentencing to correct the scoring of OV 3 and OV 12. See *People v Miles (On Remand)*, unpublished per curiam opinion of the Court of Appeals, issued June 24, 2021 (Docket No. 343800). Defendant was

---

[1] At the time, defendant was serving 87 months in federal prison for possession of heroin with intent to distribute, 21 USC 841(a)(1), and felon in possession of a firearm, 18 USC 922(g)(1).

-1-

thereafter resentenced to serve a prison term of 3 to 40 years consecutive to his federal sentence. Defendant now appeals as of right that new sentence following remand. We affirm.

Defendant argues that the trial court imposed a consecutive sentence without adequate justification because it did not explicitly state reasons for imposing a consecutive sentence. Defendant's argument lacks merit. A trial court's "decision to impose a consecutive sentence when not mandated by statute is reviewable for an abuse of discretion." *People v Norfleet*, 317 Mich App 649, 664; 897 NW2d 195 (2016). "In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012) (quotation marks and citation omitted). In this case, neither party disputes that the trial court had discretion to impose a consecutive sentence. See MCL 333.7401(3). When a trial court employs its statutory discretion to impose a consecutive sentence, it must articulate on the record the reasons for each consecutive sentence imposed. *Norfleet*, 317 Mich App at 664-665. The trial court must provide "particularized reasons—with reference to the specific offenses and the defendant" to impose each consecutive sentence. *Id.* at 666. Speaking in general terms is insufficient. *Id.* Consecutive sentencing may be appropriate for a defendant who has "been found guilty of more serious crimes and who repeatedly engage[s] in criminal acts." *People v Smith*, 423 Mich 427, 445; 378 NW2d 384 (1985). This Court has held that a trial court's reasoning for consecutive sentences was sufficient when it considered the defendant's criminal history, failure to rehabilitate, failure to become gainfully employed, manipulation of other individuals, and history of drug dealing. See *People v Norfleet (On Remand)*, 321 Mich App 68, 72-73; 908 NW2d 316 (2017).

Here, the trial court articulated particularized reasons for imposing a consecutive sentence on the record with references to defendant and the offense. See *Norfleet*, 317 Mich App at 666. The trial court permissibly considered defendant's extensive criminal history and history of drug dealing. See *Norfleet (On Remand)*, 321 Mich App at 72-73. The trial court noted that defendant repeatedly "engaged in the series of sales of heroin." It observed that, because of his current conviction and his drug-dealing history, defendant posed "a significant threat to the safety of the community." Further, the trial court permissibly considered that defendant's drug dealing was not because of his own addiction, but instead was the result of defendant's manipulation of other individuals for his own financial gain. See *id.* The trial court also considered defendant's rehabilitation and concluded that defendant made "progress in his incarceration." Nevertheless, it concluded that a consecutive sentence was justified. Although the trial court did not explicitly state that these reasons were the justifications for the consecutive nature of the sentence, the record leaves no doubt that the trial court considered these factors in imposing a consecutive sentence. Accordingly, defendant has failed to demonstrate that the trial court abused its discretion when it imposed a consecutive sentence. See *Norfleet*, 317 Mich App at 664.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Christopher P. Yates