*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAWWAAD SAADIQ REESE,

        Defendant-Appellant.

UNPUBLISHED
March 2, 2023

No. 360008
Wayne Circuit Court
LC No. 18-009807-01-FC

Before: K. F. KELLY, P.J., and MURRAY and SWARTZLE, JJ.

PER CURIAM.

This case returns to this Court after a remand to the trial court to provide a sufficient justification for imposing consecutive sentencing, or for resentencing. *People v Reese*, unpublished per curiam opinion of the Court of Appeals, issued February 11, 2021 (Docket No. 350618), p 11 (*Reese I*). Defendant was convicted of eight counts of first-degree criminal sexual conduct (CSC-I); MCL 750.520b(1)(b), for acts against his then 15-year-old stepdaughter, AM. MCL 750.520b(3) provides that "[t]he court may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." Originally, the trial court sentenced defendant to 10 to 20 years imprisonment for each count of CSC-I; the sentences for Counts 1, 2, 4, 6, and 8 were to run concurrent with each other, and the sentences for Counts 3, 5, and 7 were to run concurrent with each other, but consecutive to the sentences for Counts 2, 4, and 6.

When this Court remanded the case, it concluded:

> The trial court's explanation for imposing three consecutive sentences, in essence, was that defendant 'plied' AM with marijuana before sexually assaulting her, and that the court did not believe the guidelines sufficiently reflected the seriousness of these crimes or their effect on the victim. This explanation was only slightly more specific than the overly general explanation found to be deficient in *Norfleet I* [*People v Norfleet*, 317 Mich App 649; 897 NW2d 195 (2016)], and is similarly devoid of separate explanations for each of the three consecutive sentences. The trial court's rationale falls short of the level of specificity and

-1-

substantive content this Court approved to justify only one consecutive sentence in *Norfleet II* [*People v Norfleet*, 321 Mich App 68; 908 NW2d 316 (2017)]. Accordingly, we remand this case to the trial court for articulation of sufficient justification for each of the three consecutive sentences, or for resentencing should the trial court deem it necessary in order to comply with this Court's guidance in *Norfleet* and in this opinion. [*Reese I*, unpub op at 11.]

On remand, the trial court held a hearing on defendant's motion for resentencing. After that hearing, the trial court entered an amended judgment of sentence providing that the sentences for Counts 1 through 6 and Count 8 would run concurrently but that the sentence for Count 7 would run consecutive to the sentence for Count 6 "for the reasons stated on the record[.]" At the hearing on defendant's motion for resentencing, the trial court provided the following justification for imposing the single, consecutive sentence:

And there were—he was found guilty of eight counts of CSC–First Degree. And this is not even taking into consideration in the—he had separate, you know, sentences for each of those. But if they run concurrent, it doesn't even account for that in each of the guidelines.

[Offense Variable] OV 13 talks about three or more offenses against a person. The [Prior Record Variable] [PRV] 7 talks about two or more concurrent felonies. These are eight concurrent felonies, eight crimes against a person.

And I'm not even sure that the eight reflect all of the incidents of CSC that occurred between the defendant and the complaining witness. Those are the ones that were proven at trial and that were charged.

But this was a continuing pattern of behavior for at least 2 or 3 months while the complaining witness was 15 years old, at the same time her mother is pregnant with the defendant's child.

This has broken up—this has affected not just the complaining witness, but her whole family, her mother and this child that was born right about the same time that these things were happening or within close proximity.

I don't think that any of those things are accurately reflected within the guidelines or are fully reflected in the guidelines.

Defendant now appeals as of right, arguing that the trial court abused its discretion by not providing an adequate justification for the imposition of the consecutive sentence. We affirm.

"[W]hen a statute grants a trial court discretion to impose a consecutive sentence, the trial court's decision to do so is reviewed for an abuse of discretion, i.e., whether the trial court's decision was outside the range of reasonable and principled outcomes." *Norfleet I*, 317 Mich App at 654. When exercising its discretion, the trial court must "articulate on the record the reasons for each consecutive sentence imposed." *Id*.

-2-

The trial court did not abuse its discretion when it imposed a consecutive sentence on defendant. MCL 750.520b(3) authorized the trial court to impose a consecutive sentence, and the trial court adequately explained why it imposed a consecutive sentence. The trial court's reasoning for imposing a consecutive sentence was not outside the range of reasonable and principled outcomes.

"In Michigan, 'concurrent sentencing is the norm,' and a 'consecutive sentence may be imposed only if specifically authorized by statute.' " *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012), citing *People v Brown*, 220 Mich App 680, 682; 560 NW2d 80 (1996). This Court has previously emphasized that the Michigan Supreme Court "has a 'clear preference for concurrent sentencing' and that the '[i]mposition of a consecutive sentence is strong medicine.' " *Norfleet I*, 317 Mich App at 665, citing *People v Chambers*, 430 Mich 217, 229, 231; 421 NW2d 903 (1988).

Defendant was convicted of eight counts of CSC-I pursuant to MCL 750.520b(1)(b). MCL 750.520b(3) states that "[t]he court may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." This Court has held that "any other criminal offense" includes additional CSC-I offenses. *Ryan*, 295 Mich App at 406. Two or more offenses arise from the "same transaction" when they arise from a "continuous time sequence." *Id*. at 402. As this Court concluded, Counts 6 and 7 arose from a continuous time sequence. *Reese I*, unpub op at 10 n 6. Therefore, those sentences may be served consecutively in accordance with MCL 750.520b(3).

When exercising its discretion, the trial court must "articulate on the record the reasons for each consecutive sentence imposed" *Norfleet I*, 317 Mich App at 654. If multiple consecutive sentences are given, the trial court must explain the rationale for each consecutive sentence separately. *Id*. at 665. As noted, the trial court provided three reasons for its imposition of a consecutive sentence: (1) the number of convictions defendant received was not adequately reflected in the sentencing guidelines, (2) the circumstances of defendant's convictions were not adequately reflected in the sentencing guidelines, and (3) defendant's actions affected more than just AM, which was not adequately reflected in the sentencing guidelines.

Specifically, the trial court explained on remand that it was imposing a consecutive sentence on defendant because the sentencing guidelines did not fully account for defendant's high number of CSC-I convictions. OV 13 was assessed at 25 points for all the counts, reflecting that the "offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). PRV 7 was assessed at 20 points for all the counts, reflecting that defendant "ha[d] 2 or more subsequent or concurrent convictions[.]" OV 11 was assessed at 25 points for Counts 2 through 7 to reflect that there were "two incidents of penetration happening at the same time" during those counts. The trial court's conclusion that the sentencing guidelines did not adequately take into account the number of convictions defendant received was not outside the range of reasonable and principled outcomes. Eight crimes against a person are significantly more than three crimes against a person, and eight concurrent convictions are significantly more than two concurrent convictions. None of the variables specifically took into account all eight counts at once. Therefore, the trial court did not abuse its discretion by concluding that the guidelines did not adequately reflect the high number of CSC-I convictions defendant received in this case.

The trial court also justified its imposition of a consecutive sentence by explaining that the circumstances of defendant's convictions, as well as the wide-reaching effect of his actions, were not adequately reflected in the sentencing guidelines. Defendant is correct in pointing out that OV 10 was assessed at 15 points (the maximum possible points) for all the counts because the trial court concluded that defendant engaged in "predatory conduct[.]" However, the trial court's conclusion that OV 10 (and the scoring guidelines as a whole) did not adequately take into account the extent of defendant's predatory conduct, the aggravating circumstances surrounding the convictions, and the wide-reaching effect of defendant's actions, was not outside the range of reasonable and principled outcomes. The trial court listed several specific circumstances surrounding defendant's convictions that could warrant a consecutive sentence: the criminal sexual conduct occurred over a period of two to three months; AM was only 15 years old at the time of the conduct; AM's mother was pregnant with defendant's child at the time of the conduct; and his actions broke up a family. These circumstances go beyond predatory conduct, showing a pattern of behavior and aggravating circumstances.

The trial court's reasons for imposing a consecutive sentence are at least as specific as the trial court's reasons for imposing a consecutive sentence in *Norfleet II*. *Norfleet II*, 321 Mich App at 72. Therefore, the reasoning provided by the trial court is likewise "sufficient to depart from the heavy presumption in favor of concurrent sentences and to order *one* of the sentences to be served consecutively to another." *Id*. at 73. The trial court did not abuse its discretion when it imposed a consecutive sentence on defendant; it adequately explained its justification for doing so.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray
/s/ Brock A. Swartzle