*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 30, 2023

Plaintiff-Appellee,

v

No. 357825
Genesee Circuit Court
LC No. 16-039249-FC

AURIEN EMANUAL BROWN,

Defendant-Appellant.

Before: CAVANAGH, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Defendant was convicted by jury of armed robbery, MCL 750.529, and first-degree home invasion, MCL 750.110a(2). The trial court departed from the applicable guidelines range and sentenced defendant as a third-offense habitual offender, MCL 769.11, to serve consecutive prison terms of 40 to 60 years for armed robbery and 20 to 40 years for first-degree home invasion. Defendant appealed, and we affirmed defendant's convictions but remanded for resentencing, in part because the trial court failed to articulate a reason for defendant's consecutive sentences.[1] On remand, the trial court resentenced defendant, within the applicable guidelines range, to serve consecutive prison terms of 427 months to 70 years for armed robbery and 17.5 to 40 years for first-degree home invasion. Defendant appealed his sentence for the second time, and we remanded for resentencing to correct the scoring of several offense variables (OVs).[2] The trial court resentenced defendant within the applicable guidelines range to consecutive prison terms of 85 months to 400 months for armed robbery and to 85 months to 300 months for first-degree home invasion. Here, defendant appeals his sentence for the third time, challenging the imposition of

---

[1] *People v Brown*, unpublished per curiam opinion of the Court of Appeals, issued March 22, 2018 (Docket No. 334779).

[2] *People v Brown*, unpublished per curiam opinion of the Court of Appeals, issued November 24, 2020 (Docket No. 349837).

consecutive sentences. Because the trial court did not abuse its discretion by imposing consecutive sentences, we affirm.

The following facts are taken from our prior opinion:

> The victim, an elderly man, was shot and killed during the course of a home invasion and robbery at his Flint home. Defendant and three other codefendants, including defendant's brother Takais Brown, were charged in the crime. The defendants were tried jointly but with four separate juries. Over the course of 14 days of trial, the prosecution produced evidence that defendant's DNA, fingerprint, and shoeprint were found at the scene of the crime. The gun used in the commission of the crime was found in an apartment defendant shared with the other codefendants, and there was testimony that defendant had tried to hide the gun at a friend's house.

> On the eleventh day of trial, after the close of the prosecution's case-in-chief, Takais informed the trial court that he wished to testify. Defendant objected to his jury hearing Takais's testimony, but the trial court overruled that objection. Takais's testimony inculpated defendant and suggested that the other codefendants were not involved. After Takais's testimony, all of the parties rested. The prosecution and defendants gave closing arguments to their respective juries only, the juries were instructed separately, and then sent to deliberate. Takais's jury was the first to hear closing arguments and jury instructions. Later that same day, which was several days before defendant's jury heard closing arguments or jury instructions, Takais's jury acquitted him of all counts in open court. The other two codefendants were also acquitted of all charges. [*People v Brown*, unpublished per curiam opinion of the Court of Appeals, issued March 22, 2018 (Docket No. 334779), pp 1-2.]

Testimony also demonstrated that defendant and the victim were neighbors and that defendant and his codefendants performed lawn services and other odd jobs for the victim for payment.

Defendant argues that the trial court abused its discretion by imposing consecutive sentences. We disagree.

"In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v DeLeon*, 317 Mich App 714, 721; 895 NW2d 577 (2016) (quotation marks and citations omitted). A trial court's "decision to impose a consecutive sentence when not mandated by statute is reviewable for an abuse of discretion," which occurs when the trial court chooses an outcome that falls outside the range of reasonable and principled outcomes. *People v Norfleet*, 317 Mich App 649, 664; 897 NW2d 195 (2016) (citation omitted). MCL 750.110a(8) permits a trial court to "order a term of imprisonment imposed for home invasion in the first degree to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." Even when a statute grants a sentencing court discretion to impose consecutive sentences, the court must articulate on the record its reasons for each consecutive sentence imposed to facilitate appellate review. *Norfleet*, 317 Mich App at 665. The trial court's rationale must signal to this Court that

it believed that the "strong medicine of a consecutive sentence" was warranted. *People v Norfleet (After Remand)*, 321 Mich App 68, 70, 73; 908 NW2d 316 (2017) (quotation marks and citation omitted). Further, the trial court's reasons must be "sufficient to demonstrate an outcome within the range of reasonable and principled outcomes," and establish that it considered the offenses and the offender in imposing consecutive sentences. *People v Baskerville*, 333 Mich App 276, 290; 963 NW2d 620 (2020).

> The trial court provided the following rationale for defendant's consecutive sentences:

> > And the reasons that, in reviewing this and reflecting on this prior to today, something that I don't think is considered by the sentencing information by the offense variables is the relationship, not just that he was a vulner-vulnerable victim, that was scored, and I'm saying as a victim of an armed robbery and a home invasion, but the advantage that was taken by the defendant of someone who was kind to him, was giving him opportunities, and welcomed him into his home, certainly on the home invasion date but previously and had that relationship in the neighborhood, and I think that is significant and not considered because it's not usually a circumstance where someone victimizes someone who has been kind to them and trusted them and then they are—they turn on them.

Defendant argues that the trial court failed to provide a sufficient reason for imposing consecutive sentences. This is not supported by the record. The trial court properly exercised its discretion in imposing consecutive sentences under MCL 750.110a(8), and as required by *Norfleet*, 317 Mich App at 666, did not speak in general terms, provided particularized reasons for imposing a consecutive sentence, and referenced defendant and the specific crimes of which he was convicted.

Further, it was reasonable for the trial court to conclude that consecutive sentences were justified because defendant took advantage of the elderly victim—who was kind to him and gave him opportunities to work—by invading his home and committing armed robbery. See *Baskerville*, 333 Mich App at 290. In brief, there was evidence that defendant and the victim lived in the same neighborhood, across the street from each other. The victim was well-known in the neighborhood as was testified to by his niece, sister, and neighbors. The victim's niece testified that the victim had people in the neighborhood do yard work and other tasks around his house. A neighbor of the victim, Victor, testified that Chris Walker was a handyman and would sometimes do yard work and other tasks for the victim. Another neighbor, Renee, testified that Chris Walker and others, including defendant, did work for the victim. Chris Walker testified that he used to cut the victim's lawn and do other odd jobs for him for money and he specifically testified that defendant had helped him in that regard. In fact, Walker testified that defendant helped him with jobs that included painting and moving heavy items. And defendant admitted to police that he had helped move a hot tub for the victim. During the investigation, police also discovered a key to the victim's home in the apartment that defendant shared with some codefendants. There was no sign of forced entry into the victim's home, suggesting that defendant exploited his relationship with the victim and used this key to facilitate his commission of the crime.

Finally, defendant has failed to support with any authority his additional argument that the trial court was not permitted to consider facts already captured by the sentencing guidelines. To

the contrary, we indicated in *Norfleet (On Remand)*, 321 Mich App at 72-73, that a trial court may rely on conduct accounted for in the sentencing guidelines when articulating its reasons for imposing a consecutive sentence. But in any case, the trial court stated that it was not considering the fact that the victim was a "vulnerable victim," which was considered by the guidelines, but instead was considering the unique relationship of trust between the victim and defendant that defendant exploited.

Because the trial court's decision to impose consecutive sentences was within the range of reasonable and principled outcomes, considering the offenses and the offender, *Baskerville*, 333 Mich App at 290, the trial court did not abuse its discretion. See *Norfleet*, 317 Mich App at 664.

Affirmed.


/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett