*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOSE ARNOLD MONTIEL, also known as JOSE
ARNOLDO MONTIEL,

Defendant-Appellant.

UNPUBLISHED
September 17, 2025
2:25 PM

No. 371723
Van Buren Circuit Court
LC No. 2022-024236-FH

Before: CAMERON, P.J., and MURRAY and KOROBKIN, JJ.

PER CURIAM.

Defendant appeals his sentence after a jury convicted him of assaulting a prison employee, MCL 750.197C(a), as a fourth-offense habitual offender, MCL 769.12. Defendant was sentenced to 36 months to 5 years' imprisonment to be served consecutively to his sentences for charges arising from an unrelated case. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

While incarcerated in jail for serious charges unrelated to this appeal, defendant assaulted a corrections deputy. He was convicted as charged and the trial court sentenced defendant as noted. This appeal followed.

## II. STANDARDS OF REVIEW

"[W]hen a statute grants a trial court discretion to impose a consecutive sentence, the trial court's decision to do so is reviewed for an abuse of discretion, i.e., whether the trial court's decision was outside the range of reasonable and principled outcomes." *People v Norfleet*, 317 Mich App 649, 654; 897 NW2d 195 (2016) (*Norfleet I*).

## III. CONSECUTIVE SENTENCING

-1-

Defendant argues that the trial court erred because it failed to provide particularized reasons for imposing a consecutive sentence for his assault-of-a-prison-employee conviction. We disagree.

Although it is undisputed that the trial court had the authority to impose a consecutive sentence in this case, it was still required to "articulate [its] rationale for the imposition of each consecutive sentence so as to allow appellate review." *Norfleet I*, 317 Mich App at 665. When imposing a consecutive sentence, the trial court must "give particularized reasons—with reference to the specific offenses and the defendant—to impose each sentence[.]" *Id*. at 666. There is a "heavy presumption in favor of concurrent sentences[,]" *People v Norfleet (After Remand)*, 321 Mich App 68, 73; 908 NW2d 316 (2017) (*Norfleet II*), and "the 'strong medicine' of consecutive sentences is reserved for those situations in which so drastic a deviation from the norm is justified." *Id*. at 70. Moreover, when fashioning a sentence, trial courts must consider "(a) the reformation of the offender, (b) protection of society, (c) the disciplining of the wrongdoer, and (d) the deterrence of others from committing like offenses." *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972).

The trial court, in fashioning defendant's sentence, noted its agreement with the prosecutor's arguments that a consecutive sentence was warranted because defendant's extensive criminal history demonstrated that rehabilitation would not be fruitful, defendant had charges pending for assaulting other corrections employees at the time of his offense, and there was a need to deter defendant and other inmates from assaulting prison employees. The trial court further reasoned that a consecutive sentence within the sentencing guidelines range was reasonable and proportionate because, considering the circumstances of the instant offense, there was a need to punish defendant for his behavior and deter him from future offending. In making this determination, the trial court expressly considered defendant's extensive criminal history, which included 13 prior felonies, some involving dangerous or violent conduct.

The record demonstrates that the trial court's rationale for imposing a consecutive sentence was focused on facts specific to defendant, including the circumstances of the instant offense and defendant's extensive and violent criminal history. See *Norfleet I*, 317 Mich App at 666. The trial court also expressly considered the factors outlined in *Snow*, 386 Mich at 592, when fashioning defendant's sentence. As such, the trial court did not abuse its discretion by imposing a consecutive sentence. See *Norfleet II*, 321 Mich App at 73.

Affirmed.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Daniel S. Korobkin