*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SHANNON ZAMORA JONES,

Defendant-Appellant.

UNPUBLISHED
October 27, 2025
9:25 AM

No. 373733
Macomb Circuit Court
LC No. 2021-002406-FC

Before: REDFORD, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

Defendant appeals as of right his sentences after a jury convicted him of five counts (Counts I-IV and VI) of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a); two counts (Counts VII and VIII) of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a); and one count (Count IX) of contributing to the neglect or delinquency of a minor, MCL 750.145.[1] After this Court remanded the case for the trial court to provide sufficient reasoning for its departure sentences and imposition of consecutive sentencing, *People v Jones*, unpublished per curiam opinion of the Court of Appeals, issued June 27, 2024 (Docket No. 366207), pp 3-4, the trial court resentenced defendant, above the mandatory minimum, to 30 to 60 years' imprisonment for Counts I, II, III, and IV, 25 to 50 years' imprisonment for Count VI, and 10 to 15 years' imprisonment for Counts VII and VIII. Defendant received jail credit for Count IX. The trial court ordered that Counts VI, VII, and VIII were to run concurrent to each other but consecutive to defendant's sentences for Counts I, II, III, and IV. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case were set forth in defendant's prior appeal:

---

[1] The prosecutor dismissed an additional count of CSC-I, MCL 750.520(1)(a) (Count V), at trial. See *People v Jones*, unpublished per curiam opinion of the Court of Appeals, issued June 27, 2024 (Docket No. 366207), p 2 n 1.

Defendant sexually assaulted two minor victims, KYH and KRH, to whom he was related, in multiple incidents from approximately September 2018 to December 2018. At the time, KYH was eight years old and KRH was approximately six or seven years old. Defendant temporarily stayed with the victims, babysat them, and spent time with them. During games of hide-and-seek, defendant would tickle the victims, then touch their vaginal areas over their clothes.

In one incident, defendant was alone in a bedroom with KYH, and he inserted his penis into KYH's anal and vaginal openings. Defendant also placed his mouth on KYH's vagina. Defendant then told KYH not to tell anyone and gave her a cigarette to smoke. In another incident, defendant touched KYH's thigh and vaginal area over her clothes while they were sitting on the couch watching a movie, and then followed her into a bathroom and inserted his penis into her vagina. Defendant also inserted his penis into KRH's "private parts" in two separate incidents. Defendant told KRH not tell anyone what happened.

Defendant left the home and went to Alabama in December 2018. In June 2019, the victims' mother learned that defendant had assaulted the victims, and she reported him to the police. Investigating officers learned of several accounts of similar allegations of defendant assaulting other minor family members. Defendant had previously sexually assaulted his girlfriend's daughter, who was 13 years old at the time.

A jury found defendant guilty of five counts of CSC-I, two counts of CSC-II, and one count of contributing to the neglect or delinquency of a minor. The minimum sentencing-guidelines range for defendant's CSC-I convictions was 135 to 225 months in prison. The presentence-investigation report (PSIR) further stated that, because the victims were less than 13 years old and defendant was older than 17 years old, MCL 750.520b(2)(b) required a 25-year minimum sentence for the CSC-I convictions.

At the sentencing hearing, the victims' mother spoke about the impact of defendant's actions and asked the trial court "to impose the maximum sentence under the law." The prosecutor asserted that MCL 750.520b(2) required a 25-year minimum sentence and that consecutive sentences were permitted. The prosecutor requested that the trial court sentence defendant to 50 to 70 years in prison.

Defense counsel asked the trial court to follow the PSIR recommendation of 25 years in prison without a consecutive sentence. Defendant asserted that he did not feel that the trial was fair because of certain information defendant was not able to admit.

The trial court stated that "probably 100 people" were affected by defendant's actions, including cousins, uncles, aunts, and the victim's mother. The trial court observed that the victims were young children who had no power in the situation and were intimidated by defendant telling them not to talk about what happened. The victims then had to testify at the preliminary examination and at

-2-

trial and "relive everything." The trial court predicted that defendant's actions would be "something that is going to be in the back of the [victims'] minds for the rest of their lives."

The trial court sentenced defendant to 30 to 60 years in prison for Counts I, II, and III, which were CSC-I convictions. The trial court sentenced defendant to life imprisonment for Count IV, another CSC-I conviction. The CSC-I convictions were to be served concurrently. For the CSC-I conviction in Count-VI, the trial court sentenced defendant to 25 to 50 years in prison. As to Counts VII and VIII, CSC-II convictions, the trial court sentenced defendant to 10 to 15 years in prison. The trial court determined that Counts VI, VII, and VIII were to be served consecutive to defendants' sentences for Counts I, II, III, and IV. Finally, the trial court sentenced defendant to 90 days in jail for Count IX.

The prosecutor asserted that the trial court must "state some substantial compelling reasons for going over the guidelines" and, accordingly, asserted that defendant had been on probation when he committed the offenses; had a pattern of ongoing, violent behavior; told the victims "not to tell"; and demonstrated that he could not be rehabilitated. The trial court "noted" the prosecutor's assistance. Defense counsel objected to the prosecutor's "assistance," and the trial court asserted that the court itself had already "stated enough on the record." [*People v Jones*, unpublished per curiam opinion of the Court of Appeals, issued June 27, 2024 (Docket No. 366207) (footnote omitted).]

On remand, the trial court imposed the sentences as noted. This appeal followed.

## II. STANDARDS OF REVIEW

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). When reviewing a departure sentence for reasonableness, we must review "whether the trial court abused its discretion by violating the principle of proportionality . . . which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017) (quotation marks and citation omitted). "The trial court's fact-finding at sentencing is reviewed for clear error." *People v Lampe*, 327 Mich App 104, 125-126; 933 NW2d 314 (2019).

"[W]hen a statute grants a trial court discretion to impose a consecutive sentence, the trial court's decision to do so is reviewed for an abuse of discretion, i.e., whether the trial court's decision was outside the range of reasonable and principled outcomes." *People v Norfleet*, 317 Mich App 649, 654; 897 NW2d 195 (2016) (*Norfleet I*).

## III. DEPARTURE SENTENCE

Defendant argues that he is entitled to resentencing because trial court imposed departure sentences without providing an adequate explanation regarding their reasonableness and proportionality. We disagree.

Trial courts may "depart from the guidelines when, in their judgment, the recommended range under the guidelines is disproportionate . . . to the seriousness of the crime." *People v Walden*, 319 Mich App 344, 352; 901 NW2d 142 (2017) (quotation marks and citation omitted). The principle of proportionality primarily involves whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines. *Steanhouse*, 500 Mich at 472. To impose proportionate sentence, a trial court must consider the nature of the offense and the background of the offender. *Id*. Other factors that may be considered by a trial court under the proportionality standard include, but are not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Lampe*, 327 Mich App at 126 (quotation marks and citation omitted).]

The trial court also "must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citations omitted).

Defendant contends that the trial court's departure from the sentencing guidelines and mandatory minimum was based on factors already considered by the guidelines. But when reviewing a sentence for reasonableness, our inquiry is not simply whether factors were already considered in the trial court's scoring of the guidelines; we must also consider whether inadequate weight was given to a factor. See *Lampe*, 327 Mich App at 126.

The record supports the trial court's rationale for imposing a departure sentence. We begin our analysis by noting that the trial court struck the life imprisonment sentence it had imposed for Count IV, and expressly stated that it thought "the sentences of 30 to 60 [were] appropriate" for Counts I, II, III, and IV because defendant's acts were part of "a continuing enterprise," and defendant committed "incident after incident" of sexual abuse against the young victims. In terms of the departure sentence, the trial court acknowledged that it was imposing sentences that exceeded the 25-year mandatory minimum, but explained that it was "adding five years to that because of all the incidents here." Moreover, the trial court emphasized the "anguish" that the victims and families had experienced as a result of defendant's crimes. Although the trial court did not specify that inadequate weight was given to these factors, it explained that the number and extent of the sexual assaults, as well as their widespread damage to those involved, justified the departures. Because the record demonstrates that the trial court thoroughly considered the seriousness of defendant's crimes, the offender, and the applicable guidelines range when fashioning defendant's sentence, it did not abuse its discretion by imposing departure sentences. Defendant, therefore, is not entitled to resentencing on this basis.

## IV. CONSECUTIVE SENTENCES

Defendant next asserts that the trial court erred by imposing consecutive sentences without providing specific reasons for doing so. We disagree.

"In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v Baskerville*, 333 Mich App 276, 289; 963 NW2d 620 (2020) (quotation marks and citation omitted). MCL 750.520b(3) states that "[t]he court may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." In other words, trial courts have discretion to impose consecutive sentences for multiple counts of CSC-I that arise from the same transaction. See *People v Ryan*, 295 Mich App 388, 405-406; 819 NW2d 55 (2012).

Although a trial court has the authority to impose a consecutive sentence, it is still required to "articulate [its] rationale for the imposition of each consecutive sentence so as to allow appellate review." *Norfleet I*, 317 Mich App at 665. There is a "heavy presumption in favor of concurrent sentences[,]" *People v Norfleet (After Remand)*, 321 Mich App 68, 73; 908 NW2d 316 (2017) (*Norfleet II*), and "the 'strong medicine' of consecutive sentences is reserved for those situations in which so drastic a deviation from the norm is justified." *Id*. at 70.

During resentencing, the trial court emphasized the egregious and violent nature of defendant's sexual assaults. In support of its decision to impose consecutive sentences, the trial court explained that KYH "shed some blood" after defendant assaulted her, defendant "humped" KYH nearly every day, and put "his penis in her mouth at the same time as the vaginal penetration." Similarly, regarding KRH, the trial court stated that "there was anal penetration, oral penetration, finger in the vagina, intercourse, there was fellatio and I guess cunnilingus, too. She talked about him using his tongue. Those things occurred simultaneously during the assault." Thus, the trial court was authorized to impose a consecutive sentence under MCL 750.520b(3).

The trial court provided several additional reasons for imposing consecutive sentences. The trial court noted that defendant threatened KRH not to disclose the sexual assaults. Regarding the impact of the sexual assaults on KRH and KYH, the trial court highlighted the victim's young ages, their inability to understand the gravity of the sexual assaults, and the inevitable long-term effects of the abuse. The trial court took notice of defendant's criminal history, specifically stating that defendant was on probation for his conviction of accosting-and-soliciting-a-child-for-an-immoral-purpose, MCL 750.145a, when he sexually assaulted these children, and absconded to Alabama rather than complying with the terms of his probation. The trial court provided clear rationale for imposing consecutive sentences that was supported by the circumstances of the offenses and defendant's criminal history. See *Norfleet I*, 317 Mich App at 666. As such, the trial court did not abuse its discretion by imposing a consecutive sentence. See *Norfleet II*, 321 Mich App at 73.

Affirmed.

/s/ James Robert Redford
/s/ Thomas C. Cameron
/s/ Sima G. Patel